**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------------------x
ESTATE OF DANILA BELOV, by its Personal Representative   :
RALPH WILLIAM WYAND II, and MIKHAIL BELOV and            :
EKATERINA BELOVA, individually,                          :
                                                         :
                    Plaintiffs,                          :
                                                         :
       -against-                                         :
                                                         :
CONSOLIDATED COMMUNICATIONS HOLDINGS, INC.,              :    Case no.: _____
CONSOLIDATED COMMUNICATIONS ENTERPRISE                   :
SERVICES, INC., CONSOLIDATED COMMUNICATIONS              :
OF MAINE COMPANY, CONSOLIDATED                           :
COMMUNICATIONS, INC.,                                    :
EUSTIS CABLE ENTERPRISES, LTD.,                          :
AA TECH FORCE, LLC, AND ANIRUDHA, INC.,                  :
                                                         :
                    Defendants.                          :
--------------------------------------------------------------------------x
```

## COMPLAINT

Plaintiffs, the Estate of Danila Belov, by its duly appointed Personal Representative Ralph William Wyand II, and Mikhail Belov and Ekaterina Belova, individually, by and through their undersigned counsel, bring this action against the Defendants Consolidated Communications Holdings, Inc. ("Consolidated Holdings"); Consolidated Communications Enterprise Services, Inc. ("Consolidated Services"); Consolidated Communications of Maine Company ("Consolidated Communications – Maine"); Consolidated Communications, Inc. ("Consolidated Communications," and it, together with Consolidated Holdings, Consolidated Services, Consolidated Communications – Maine, are herein collectively called, the "Consolidated Companies"); Eustis Cable Enterprises, Ltd. ("Eustis"); AA Tech Force, LLC ("AA Tech"); and Anirudha, Inc. ("Anirudha," which, collectively with all the aforementioned Defendants, is herein called "Defendants"), and allege as follows:

## INTRODUCTION

1. This action arises from the tragic death of Danila Belov ("Decedent"), a 24-year-old Russian citizen and resident of Brooklyn, New York, who suffered fatal injuries on January 17, 2023, in Rangeley, Maine, while working as a subcontractor testing fiber optic cable lines. The accident was the result of egregious safety failures, including violations of federal and state workplace safety standards, improper supervision, and negligent operational practices by the Defendants.

2. On information and belief, the Decedent was working for Defendant AA Tech, which had subcontracted him to perform work for Defendant Eustis, a contractor hired by the Consolidated Companies to install, repair, and maintain telecommunications infrastructure.

3. On information and belief, the Consolidated Companies operate as a unified group of companies providing telecommunications services across the United States, including in the State of Maine. They were responsible for the overall management, control, and safety of the telecommunications project at issue, including oversight of their contractors and subcontractors.

4. On the day of the incident, the Decedent was working in an aerial boom lift testing a fiber optic cable when the vehicle began moving, causing him to be ejected from the elevated boom. He fell to the ground, sustaining fatal injuries. This preventable accident occurred due to the Defendants' collective failure to provide adequate fall protection, enforce safety protocols, and properly train and supervise workers.

5. The structure of responsibility in this case resembles a *Matryoshka* doll[1], with each level of the workforce concealed within another layer of subcontracting. By creating this elaborate hierarchy, the principals sought to obscure their liability and avoid accountability for the safety

---

[1] The term "*Matryoshka* doll" is the technical name for what most people in the U.S. and the West typically refer to as a "Russian Nesting Doll," in which one doll fits inside another, slightly larger but otherwise identical, and which is repeated multiple times.

of workers like Danila Belov. However, under the law, liability cannot be so easily evaded. The Defendants' collective failures at every level of this structure directly led to the Decedent's wrongful death.

6. This lawsuit seeks to hold the Defendants accountable for their negligent, reckless, and unlawful conduct, which caused the wrongful death of Danila Belov. Plaintiffs seek compensatory and punitive damages, as well as all other relief this Court deems just and proper.

## PARTIES

7. Plaintiffs include the Estate of Danila Belov, represented by Ralph William Wyand II as the Personal Representative, and Mikhail Belov and Ekaterina Belova, the Decedent's parents. Mikhail Belov and Ekaterina Belova are citizens and residents of the Russian Federation residing in Moscow at Dubninskaya St. 26, bld. 1, apt. # 80.

8. Defendant Consolidated Holdings is a corporation duly organized and existing under the laws of Delaware. It may be served through its registered agent, Cogency Global Inc., at 850 New Burton Road, Suite 201, Dover, Delaware 19904.

9. Defendant Consolidated Services is a corporation duly organized and existing under the laws of Delaware. It may be served through its registered agent, Cogency Global Inc., at 850 New Burton Road, Suite 201, Dover, Delaware 19904.

10. Defendant Consolidated Communications – Maine is a corporation duly organized and existing under the laws of Maine. It may be served through its registered agent, Ezekiel L. Callanan, at 75 York Street, Portland, Maine 04101.

11. Defendant Consolidated Communications is a corporation duly organized and existing under the laws of Illinois. It may be served through its registered agent, Cogency Global Inc., at 600 South Second Street, Suite 404, Springfield, Illinois 62704.

12. Defendant Eustis is a business corporation organized and existing under the laws of Vermont. It may be served through its registered agent, Corporation Service Company, at 100 North Main Street, Suite 2, Barre, Vermont 05641.

13. Defendant AA Tech is a limited liability company organized and existing under the laws of New York. It may be served through its agent, Andrey Babkin, at 2333 81st Street, Brooklyn, New York 11214.

14. Defendant Anirudha is a business corporation organized and existing under the laws of New York. It may be served through the Secretary of State of New York, with process forwarded to 1718 E15 Street, Apt D6, Brooklyn, New York 11229.

## JURISDICTION

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), which provides for jurisdiction in cases where the amount in controversy exceeds $75,000 and the action is between citizens of different states or between citizens of a state and citizens or subjects of a foreign state.

16. The Estate of Danila Belov is deemed to be a citizen of the Russian Federation for purposes of diversity jurisdiction, as Decedent was a Russian national. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989)[2] (citing *Robertson v. Cease*, 97 U.S. 646, 648-649 (1878); *Brown v. Keene*, 8 Pet. 112, 115 (1834)). Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of a decedent's estate is deemed to be a citizen only of the same state as the decedent.

17. Mikhail Belov and Ekaterina Belova, the Decedent's parents, are also citizens and residents of the Russian Federation.

---

[2] Holding that: "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *See Newman-Green, Inc.*, *supra* at 837.

18. Defendant Consolidated Holdings is a citizen of Delaware, where it is incorporated, and Illinois, where it maintains its principal place of business.

19. Defendant Consolidated Services is a citizen of Delaware, where it is incorporated, and Texas, where it maintains its principal place of business.

20. Defendant Consolidated Communications – Maine is a citizen of Maine, where it is incorporated and maintains its principal place of business.

21. Defendant Consolidated Communications, Inc. is a citizen of Illinois, where it is incorporated and maintains its principal place of business.

22. Personal jurisdiction exists over the Consolidated entities as they conduct regular business in New York through a subsidiary named Consolidated Communications of New York Company, LLC.

23. Defendant Eustis is a citizen of Vermont, where it is incorporated and maintains its principal place of business.

24. Personal jurisdiction exists over Defendant Eustis as it is authorized to do business in New York and maintains a registered agent for service of process within the state at Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

25. Defendant AA Tech is a citizen of New York, where it is organized and maintains its principal place of business.

26. Defendant Anirudha is a citizen of New York, where it is incorporated and maintains its principal place of business.

27. There is complete diversity of citizenship between the Plaintiffs and Defendants. None of the Defendants are citizens of the Russian Federation, and no Defendant shares the same state

citizenship as any Plaintiff. Accordingly, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a).

## FACTS

28. Danila Belov, a 24-year-old Russian citizen and resident of Brooklyn, New York, was the sole owner and manager of PuzOwl, Inc., a one-man company that allowed Mr. Belov to subcontract with Defendant AA Tech to be engaged in telecommunications work.

29. PuzOwl, Inc. entered into a subcontracting agreement with Defendant AA Tech, a New York-based entity operated by Andrey Babkin ("Babkin") and Aidin Sandybayev ("Sandybayev").

30. In turn, AA Tech had contracted with Defendant Eustis to provide labor and services for a telecommunications project referenced at paragraph 31 managed by the Consolidated Companies.

31. At the time relevant to this action, the Consolidated Companies were responsible for overseeing a major telecommunications infrastructure project in Rangeley, Maine, which involved the installation, testing, and maintenance of fiber optic cables. The telecommunications project in Rangeley, Maine, was part of a larger infrastructure initiative spearheaded by the Consolidated Companies.

32. The above project of the Consolidated Companies was heavily advertised as a means to bring high-speed internet to underserved areas, demonstrating said Defendants' direct interest and involvement in the work being performed.

33. AA Tech Force, LLC further subcontracted with Defendant Anirudha Inc., owned by Anton Natachiev, to provide a driver.

34. On January 17, 2023, Danila Belov was assigned to work at Pole 10 on Main Street in Rangeley, Maine, testing fiber optic cables from an elevated boom lift attached to a van.

35. On information and belief, the van which carried Mr. Belov was operated by an employee of the one-man Defendant Anirudha, under the supervision of AA Tech, Eustis, and the Consolidated Companies.

36. At approximately 10:45 a.m., while Mr. Belov was elevated in the boom lift performing his assigned duties, the driver of the van began moving the vehicle without ensuring that the boom was lowered or that Mr. Belov was properly secured.

37. The movement of the van caused the elevated boom to destabilize, ejecting Mr. Belov from the lift. He fell from a significant height to the ground, suffering fatal injuries.

38. Mr. Belov was pronounced dead at the scene by emergency responders.

39. The incident was reported to local authorities and subsequently investigated by the Occupational Safety and Health Administration ("OSHA").

40. OSHA's investigation identified multiple safety violations, including the failure to ensure that Mr. Belov was secured with proper fall protection equipment, as required by 29 C.F.R. § 1926.453(b)(2)(v), and the improper movement of an elevated boom lift in violation of 29 C.F.R. § 1926.453(b)(2)(viii).

41. The OSHA investigation resulted in two serious citations issued against Defendant AA Tech, with a total penalty of $9,376. These citations highlighted the lack of adequate training, supervision, and enforcement of safety protocols.

42. The Consolidated Companies maintained significant control over the project, including its management and operational standards, yet failed to ensure compliance with safety protocols across their subcontractor chain.

43. Witnesses reported that the van's movement appeared rushed and that there was inadequate communication between the driver and Mr. Belov at the time of the incident.

44. The complex subcontracting chain – from Consolidated to Eustis to AA Tech to Anirudha – was structured to dilute responsibility and obscure accountability for worker safety, directly contributing to the hazardous working conditions that led to Mr. Belov's death.

45. Upon information and belief, Babkin and Sandybayev, as owners and operators of Defendant AA Tech, controlled the company in such a manner as to undercapitalize the entity and fail to observe corporate formalities. These actions rendered AA Tech incapable of meeting its obligations, including maintaining adequate safety protocols, which directly contributed to the hazardous working conditions that caused the death of Danila Belov.

46. Despite their attempts to compartmentalize responsibility through a layered subcontracting structure, the Consolidated Companies maintained significant control over the project. They were responsible for ensuring that proper safety protocols were implemented and adhered to across all levels of the workforce, including subcontractors.

47. The worksite did not have sufficient oversight or supervision to ensure compliance with safety standards. Neither the Consolidated Companies, Eustis, nor AA Tech adequately monitored the operations or provided the necessary training and equipment to prevent such incidents.

48. The failure of each of the Defendants to implement and enforce adequate safety measures at every level of the project caused the preventable death of Danila Belov.

## CAUSES OF ACTION

### Count I: Wrongful Death
### (Against All Defendants)

49. Plaintiffs repeat and reallege the allegations contained in all of the above paragraphs as though fully set forth herein.

50. Maine law applies to the Plaintiffs' claims because the tort occurred in the State of Maine, and under New York's choice-of-law rules, as articulated in *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)[3], and *In re September 11 Litigation*, 265 F. Supp. 2d 208 (S.D.N.Y. 2003),[4] the substantive law governing this action is derived from the law of the state where the wrongful act occurred.

51. Pursuant to Maine's wrongful death statute, 18-A M.R.S.A. § 2-807, all Defendants are jointly and severally liable for the death of Danila Belov because their negligent, reckless, and unlawful actions caused his untimely death.

52. As a direct and proximate result of Defendants' actions and omissions, Plaintiffs have suffered damages, including loss of comfort, society, and companionship, as well as emotional distress.

53. Plaintiffs seek compensatory damages, punitive damages, and all other relief deemed appropriate by this Court.

### Count II: Negligence
### (Against All Defendants)

54. Plaintiffs repeat and reallege the allegations contained in all of the above paragraphs as though fully set forth herein.

55. Defendants owed a duty of care to ensure the safety of individuals working on their telecommunications project, including Danila Belov.

---

[3] Holding that: "To determine which state's law applies, a federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits." *Klaxon Co.*, *supra*, at 496.
[4] Finding that: "[T]he substantive law governing these claims shall be derived from the law, including choice of law principles, of the state where the [tort] occurred." *In re September 11 Litigation*, *supra*, at 210.

56. Defendants breached this duty by failing to implement, enforce, and comply with adequate safety protocols, failing to provide proper training and supervision, and engaging in negligent operational practices.

57. As a direct and proximate result of Defendants' negligence, Danila Belov suffered fatal injuries, and Plaintiffs have incurred significant damages.

58. Pursuant to 39-A M.R.S.A. § 906, liability is not barred by contracts with independent contractors. If an employer enters into a contract with an independent contractor or subcontractor to do part of the employer's work, the employer remains liable for injuries to the employees of the contractor or subcontractor caused by defects in the condition of "the ways, works, machinery, or plant" furnished by the employer if such defects arose from the negligence of the employer or their agents. *Id.*

59. Plaintiffs seek compensatory damages and all other relief deemed appropriate by this Court.

### Count III: Vicarious Liability
### (Against Consolidated Companies, Eustis, and AA Tech)

60. Plaintiffs repeat and reallege the allegations contained in all of the above paragraphs as though fully set forth herein.

61. Defendants Consolidated Companies, Eustis, and AA Tech are all vicariously liable for the actions and omissions of their agents, employees, and subcontractors, including the driver of the vehicle that caused Danila Belov's fall.

62. As a direct and proximate result of the negligent and reckless conduct of their agents and subcontractors, Danila Belov suffered fatal injuries, and Plaintiffs have incurred significant damages.

63. Plaintiffs seek compensatory damages and all other relief deemed appropriate by this Court.

## Count IV: Survival Action
### (Against All Defendants)

64. Plaintiffs repeat and reallege the allegations contained in all of the above paragraphs as though fully set forth herein.

65. Pursuant to Maine's survival statute, 18-C M.R.S.A. § 3-817, Plaintiffs assert a survival action to recover damages for the conscious pain and suffering endured by Danila Belov prior to his death.

66. Specifically, Mr. Belov experienced extreme distress prior to and during his fatal fall, as he remained conscious while being ejected from the boom lift.

67. Defendants' negligent, reckless, and unlawful actions directly caused the injuries and suffering experienced by Danila Belov before his death. Specifically, Defendants' failure to implement adequate fall protection measures, enforce safety protocols, and ensure proper coordination between workers created the perilous conditions that led to his conscious pain and suffering.

68. Plaintiffs seek compensatory damages and all other relief deemed appropriate by this Court.

## Count V: Negligent Hiring and Retention
### (Against Consolidated Companies and Eustis Cable Enterprises)

69. Plaintiffs repeat and reallege the allegations contained in all of the above paragraphs as though fully set forth herein.

70. Defendants Consolidated Companies and Eustis owed a duty to exercise reasonable care in hiring competent and qualified subcontractors, employees, and agents to perform work on the telecommunications project.

71. Defendants breached their duty by hiring and retaining unqualified subcontractors, including Defendants AA Tech and Anirudha, and failing to ensure that the personnel hired and assigned to

the project were adequately trained and competent to perform their job duties safely. *See Dexter v. Town of Norway*, 1998 ME 195, ¶6, 715 A.2d 169.

72. Furthermore, under Maine law, an employer hiring an independent contractor to perform work that inherently poses a peculiar risk of physical harm must ensure that special precautions are taken. *Maravell v. R.J. Grondin & Sons*, 2007 ME 1, ¶15, 914 A.2d 709. Defendants failed to ensure such precautions, thereby creating an unreasonable risk of harm.

73. Defendants knew or should have known that their subcontractors, employees, and agents lacked the necessary qualifications, training, and experience to safely perform the work assigned, creating a foreseeable risk of harm to others, including Danila Belov.

74. As a direct and proximate result of Defendants' negligent hiring and retention practices, hazardous conditions were created on the project site, leading to the preventable death of Danila Belov.

75. Plaintiffs seek compensatory damages and all other relief deemed appropriate by this Court.

### Count VI: Punitive Damages
### (Against All Defendants)

76. Plaintiffs repeat and reallege the allegations contained in all of the above paragraphs as though fully set forth herein.

77. Defendants' conduct was willful, wanton, and in reckless disregard for the safety of others, including Danila Belov. Defendants engaged in deliberate conduct so outrageous that malice can be implied, warranting the imposition of punitive damages.

78. Specifically, Defendants deliberately ignored workplace safety standards, failed to provide adequate training and supervision, and created hazardous working conditions through their negligent subcontracting practices.

79. Plaintiffs seek punitive damages and all other relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and award the following relief:

(a) Compensatory damages to Mikhail Belov and Ekaterina Belova, individually, for pecuniary losses, including financial support, contributions to household services, and other economic benefits that the Decedent would have provided during his lifetime against all Defendants, jointly and severally. Additionally, Plaintiffs seek non-economic damages for the loss of comfort, society, companionship, and emotional distress arising from the wrongful death of their son. To the Estate of Danila Belov, Plaintiffs request damages for funeral and burial expenses, as well as compensation for the conscious pain and suffering endured by the Decedent before his death, including the distress experienced during the fall, for which all Defendants are also liable, jointly and severally.

(b) Punitive damages against all Defendants for their willful, wanton, and reckless disregard for the safety of others, including the Decedent, to deter similar conduct in the future.

(c) Reimbursement for attorneys' fees, costs, and expenses incurred in bringing this action.

(d) Prejudgment and post-judgment interest as permitted by law.

(e) Any other relief that the Court deems just and proper.

Dated: January 16, 2025.
Respectfully submitted,

/s/ Alexey V. Tarasov

Alexey V. Tarasov,
Attorney at Law
***Counsel for Plaintiffs***
5211 Reading Road
Rosenberg, Texas 77471
Tel.: 832-623-6250
Fax: 832-558-3540
E-mail: alexey@tarasovlaw.com